# MITCHELL LAW

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 TEL
(512) 686-3941 FAX
jonathan@mitchell.law

May 24, 2025

Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

**Re:** *Little v. Llano County*, **No. 23-50224 (5th Cir. 2024)**

Dear Mr. Wolpert:

The Elizabeth School District respectfully advises the Court of the Fifth Circuit's en banc decision in *Little v. Llano County*, No. 23-50224 (5th Cir. 2024). *See* Fed. R. App. P. 28(j).

*Little* holds that library-book removals do not violate or even implicate the First Amendment right of patrons to access and receive information, as there is no constitutional right to compel government-owned libraries to keep any particular book in their collections. *See* slip op. at 1–28; *see also id.* at 23–24 ("[B]y removing a book, the library does not prevent anyone from 'receiving' the information in it. . . . You could buy the book online or from a bookstore. You could borrow it from a friend. You could look for it at another library. . . . The only thing disappointed patrons are kept from "receiving" is a book of their choice at taxpayer expense. That is not a right guaranteed by the First Amendment.").

*Little* also overrules *Campbell v. St. Tammany Parish School Board*, 64 F.3d 184 (5th Cir. 1995), which held that the Speech Clause limits a school district's ability to remove books from its libraries. *See* slip op. at 24–28; *see also* App. Vol. 2 at 541–542, 548 (district court citing and relying on *Campbell*). A seven-judge plurality went on to opine that a public library's curation decisions are government speech, but this part of the opinion did not garner a majority of the en banc court. *See id.* at 28–55.

The en banc opinion in *Little* highlights many of the problems and absurdities that arise from interpreting the Speech Clause in a manner that limits a public library's book-removal decisions. It also explains why the Supreme Court's ruling in *Board of Education v. Pico*, 457 U.S. 853 (1982), carries no precedential weight in resolving this dispute. *See* slip op. at 15–17. And although the opinion in *Little* is obviously not binding on this Court, its discussion is thorough and persuasive and deserves this Court's most serious consideration.

We have attached a copy of *Little* to this letter.

                                                           Respectfully submitted.

                                                          /s/ Jonathan F. Mitchell
                                                         JONATHAN F. MITCHELL
                                                         Mitchell Law PLLC
                                                         111 Congress Avenue, Suite 400
                                                         Austin, Texas 78701
                                                         (512) 686-3940 (phone)
                                                         (512) 686-3941 (fax)
                                                         jonathan@mitchell.law

cc: All counsel (via CM/ECF)            *Counsel for Defendant-Appellant*