# MITCHELL LAW

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 TEL
(512) 686-3941 FAX
jonathan@mitchell.law

August 20, 2025

Christopher M. Wolpert
Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257

Re:   *Crookshanks v. Elizabeth School District*, No. 25-1105

Dear Mr. Wolpert:

The Elizabeth School District is now aware of every member of the NAACP—Colorado–Montana–Wyoming State Area Conferences (NAACP) who attends or has children who attend the Elizabeth School District. The plaintiffs disclosed this information in discovery and remain obligated to supplement throughout this litigation.

The school district has instructed its librarians to allow each of these students to access and check out the disputed library books upon request, even if those books are removed from the library shelves. *See* Appellant's Br., ECF No. 37, at 38; App. Vol. 1 at 183-184 (¶¶ 38-41). So the plaintiffs cannot establish that a preliminary injunction is needed to spare them from "irreparable harm" or prevent a violation of their First Amendment right to receive information. And the plaintiffs can no longer complain that this arrangement requires students to identify themselves as members of the NAACP or as children of members, as the school district is fully aware of the students who belong or have parents who belong to the NAACP. *See* Appellees' Br., ECF No. 48, at 31.

Finally, the plaintiffs and the district court can no longer justify a universal remedy that compels the school district to make the disputed books available to non-parties. *See Trump v. CASA, Inc.*, 145 S. Ct. 2540 (2025). Now that the identity of the plaintiffs and their members are known to the school district, any injunctive relief must be limited to those named plaintiffs—and it should extend no further than needed to ensure that the plaintiffs and their members can access and check out the disputed books at their school library. The plaintiffs' First Amendment rights are fully protected if their school library allows them to access and check out the disputed books upon request. There is no First Amendment right to demand that libraries make books available on their shelves rather than at the library desk, and a federal court cannot compel the school district to make the disputed books

available to non-parties when a more narrowly crafted remedy will protect the plaintiffs' First Amendment right to receive information and ideas.

                                                       Respectfully submitted.

                                                   /s/ Jonathan F. Mitchell
                                                  Jonathan F. Mitchell
                                                  Mitchell Law PLLC
                                                  111 Congress Avenue, Suite 400
                                                  Austin, Texas 78701
                                                  (512) 686-3940 (phone)
                                                  (512) 686-3941 (fax)
                                                  jonathan@mitchell.law

cc: All counsel (via CM/ECF)          *Counsel for Defendant-Appellant*